The D. A. Tompkins Company v. The Galveston Street
Railway Company and W. H. Sinclair.

No. 230.

1. **Measure of Damages for Sale of Defective Machinery.**—Two steam engines were sold by plaintiff company to defendants. One of the engines was defective, and broke down after a week's operation, and had to be repaired at an expense of $600. In an action on the purchase money notes it was competent and proper for the court to render judgment for defendant for the sum paid by defendant for repairs, as the measure of damages to which defendant was entitled for the defect in the engine. The measure of damages to which defendant is entitled is not restricted solely to the difference between the value of the engine properly and defectively constructed, but in addition to that value should be added any injury resulting to the engine itself therefrom.

2. **Same—Damages too Remote.**—The damage resulting to defendant from the necessary withdrawal of six of its cars from the railway tracks while the engine was being repaired, was too remote. It can not be held to have been in the contemplation of the parties when the contract for sale of the engines was made.

3. **Defective Pleading not Excepted to.**—An allegation that by reason of the defect in the engine defendant was compelled necessarily to expend a certain sum of money in repairing the machinery, not being excepted to, and the evidence introduced to support it not being objected to when offered, the court properly rendered judgment for defendant for the sum so expended by it.

4. **Attorney Fees when Defendant Proves Damages in Offset.** The court rendered judgment for plaintiff for 10 per cent attorney fees upon the notes given by defendant for the purchase money of the engines. This was error. Judgment for attorney fees should have been for 10 per cent upon the notes, less the sum adjudged defendant as damages.

Error from Galveston. Tried below before Hon. W. H. Stewart.

*Hutcheson & Sears*, for plaintiff in error.— 1. This suit was for the recovery of the purchase price of two engines, one of which is alleged to have been broken by an infirmity in the construction, and the only measure of damage admissible in such a case is the difference between the value of the engine had it been sound and sufficient, and the value of an

engine unsound and insufficient, as the defendants claimed it to have been. Stark v. Alford, 49 Texas, 275; Railway v. Hill, 63 Texas, 387; Aultman v. Hefner, 67 Texas, 59; Railway v. Joachimi, 58 Texas, 460.

2. The item of $564.55 as damages for loss and use of the engine for four weeks, consequent suspense for the use of one-half of its cars for said length of time, by the breaking down of said engine, is not warranted by any rule of law, is too remote and speculative to have been allowed in this or any case, either with or without a warranty on the part of the vendor. Railway v. Joachimi, 58 Texas, 460; Railway v. Young, 60 Texas, 204.

*James B. & Charles J. Stubbs*, for defendants in error.—1. The purchaser having a right of recovery in cases such as the present, of at least the difference between the value of the engine had it been sound and sufficient, and its lessened value resulting from the defect, the question arises, how is such difference to be ascertained? One method, and usually the most practical, is to find the expense of putting the machine in sound and proper condition. To this effect was our averment and proof, and there was no objection made to either. Frequently the only way of arriving at the difference in value between a sound and a defective machine is to ascertain what it will cost to make the machine a sound one. Aultman v. Hefner, 67 Texas, 59; Stark v. Alford, 49 Texas, 275; Railway v. Joachimi, 53 Texas, 461.

2. The item of $564.55 allowed defendant company, " as damages for the loss of the use of the engine for four weeks, and consequent suspension of the use of one-half of its cars for said length of time of the breaking down of said engine," was the direct result of plaintiff's violation of said contract, and of gross negligence in the construction of the engine, and such damage was not too remote or speculative. Jones v. George, 61 Texas, 345; Wintz v. Morrison, 17 Texas, 372; Brantley v. Thomas, 22 Texas, 271; Railway v. Hill, 63 Texas, 381, and 70 Texas, 52.

PLEASANTS, ASSOCIATE JUSTICE.—1. The plaintiff in error instituted this suit against the defendants in error to recover balance of the price of two steam engines sold by plaintiff to the defendant, the Galveston City Street Railway Company. A chattel mortgage on both of the engines was executed at the time of the delivery to secure the three notes executed in payment of part of the purchase money.

The defendants demurred, and answered by general and special answers, averring, that one of the engines was improperly constructed, and in consequence thereof it broke down after a week's operation, and in repairing this engine defendants were compelled to expend the sum of $600; and further, that in consequence of said breakdown of the engine defend-

ants were obliged to discontinue the use of six of their cars, and thereby suffered damage in the sum of $1500.

The case was tried by the judge without a jury, and judgment was rendered for plaintiff for its debt and interest, as evidenced by the notes sued on, and for attorney fees, as stipulated for in the notes, and for travelling expenses incurred by plaintiff, and which were also stipulated for in the contract of sale; and judgment was rendered for defendants for the amount expended in repairing the engine, and also for the sum of $564.55 as compensation for damages sustained by defendants for the loss of the use of the engine for four weeks.

The engines were purchased and used by defendants for generating electricity, with which cars were propelled over the defendant's railway tracks, in the streets of the city of Galveston. There was no warranty by the vendor of either one of the engines. They were shipped from another State to the city of Galveston, to defendant company, upon its order, the order reciting the terms and conditions of the proposed purchase; and with the order the three notes referred to in it were also sent to plaintiff. From the judgment the plaintiff appealed by writ of error.

2. The assignments of plaintiff in error present the following propositions: (1) That in a suit to recover the contract price of machinery sold and delivered, when the defense is that the machinery was defective, the measure of damages in such case being the difference between the value of the machinery without the alleged defect and its value with that defect, this difference can not be recovered upon proof of an allegation, " that by reason of the defect, defendant was compelled necessarily to expend a certain sum of money in repairing the machinery;" the plaintiff making no objection to the evidence by which such allegation is proved, and not having excepted to the defendant's pleading. (2) That damages for loss of the use of the engine for four weeks, in consequence of the alleged defect, is not recoverable by defendant, because such damages are not warranted by any rule of law, are too remote and speculative.

3. We are of the opinion, that the first of the above propositions can not be maintained. The court holds, that as there was no exception to the pleading by plaintiff, and as it was proved, without objection from the plaintiff, that the defendant company did pay the sum of $435.45 in repairing the engine, and that the repairs were rendered necessary by reason of the alleged defect in the construction of the engine, and that the costs of the repairs were reasonable, it was competent and proper for the court to render judgment for defendant for the sum so paid by it, as the measure of damages to which defendant was entitled for the defect in the engine. If it be conceded that the measure of damages for defect in the engine is simply the difference, and nothing more, between the value of the engine with the defect complained of and its value without such defect, it can not be said, we think, that the judgment of the court in this

particular "is without either plea or proof" to support it.   The facts averred in the answer, when proved, were of themselves competent and sufficient to establish the difference between the value of the engine without the defect and its value with the defect.   The most that can be said against the answer is, that it imperfectly stated a good defense.   Such pleading, with proof of its averments, is certainly sufficient predicate for a judgment, in the absence of both exception to the pleading and objection to the evidence offered in support of the plea.   But this court is inclined to the opinion, that the measure of damages to which defendant is entitled in this case, for the defective construction of the engine, is not restricted solely to the difference between the value of the engine had it been properly constructed, and what its value was constructed improperly. We are disposed to think, that in addition to this difference of value should be added any injury resulting to the engine itself from the defect in the construction.   If we are correct in this opinion, then the answer was not obnoxious to demurrer; it stated correctly a good defense.

4.  The second proposition submitted by plaintiff in error under his assignments, we are of opinion is correct, and that the court erred in rendering judgment for damages resulting to defendant from the necessary withdrawal of six cars from their railway tracks, while the engine was being repaired.   Such damages can not be held to have been in contemplation of the plaintiff and defendant when the contract for sale of the engine was made, and are too remote.   For this error the judgment must be reversed and rendered.   The court rendered judgment for the plaintiff for 10 per cent on the amount due upon the notes sued on, in payment of attorney fees.   This we think was error.   A commission of 10 per cent should have been rendered for fees due plaintiff's attorney upon the sum adjudged to be due upon the purchase money notes, less the sum adjudged defendant as damages.

5.  It is therefore ordered, that the judgment of the lower court be reversed, and that judgment be now rendered by this court in favor of plaintiff, against defendant, for $4092.78, less $435.45 damages adjudged the defendant, the Galveston City Railway Company; and for the further sum of $365.73, in payment of attorney fees; and for the sum of $60 in payment of travelling expenses incurred by plaintiff in its effort to effect a settlement of its claim with defendant company, with interest on said several sums rendered for plaintiff, from the 7th day of March, A. D. 1892, at the rate of 6 per cent per annum; and for foreclosure of the mortgage executed by said defendant upon said engines, and which is set out in plaintiff's petition; and for all costs of suit, both in this and the District Court.

6.  To our conclusions upon the facts, expressed in our statement of the cause made in the first paragraph of this opinion, we add the following:  Six of the defendant's cars were idle during the four weeks the de-

fective engine was being repaired. Without this engine the defendant was unable to operate these cars, and the net earnings of these cars within this time, according to their previous and subsequent earnings, would not have been less than $1000; but the plaintiff was not informed, at the time of the purchase of the engines, as to the uses for which they were intended by defendant company. The plaintiff made two trips to Galveston for the purpose of making settlement with defendants, and that he thereby incurred expenses not less than $60. The repairs made upon the engine were rendered necessary by the defective construction of the engine, and the sum expended by defendant in making the repairs was proper and reasonable.

*Reversed and rendered.*

Delivered May 25, 1892.

Writ of error to Supreme Court refused October 13, 1893.